IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FLOYD EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 4:14-cv-00876-MHH-JHE |
| ) | |
| LORETTA LYNCH,[1] et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Petitioner Floyd Edwards filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Mr. Edwards, a native of the Marshall Islands, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Mr. Edwards alleged that he was being illegally detained by ICE. On January 4, 2016, ICE released Mr. Edwards from custody; Mr. Edwards was deported from the United States. (Doc. 34, 34-1). Respondents have filed a motion to dismiss the action as moot because Mr. Edwards is no longer in ICE custody. (Doc. 34.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v.*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Eric H. Holder, Jr.'s successor as United States Attorney General, Loretta Lynch, is automatically substituted as a respondent in this action.

*Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).  Mr. Edwards's release from ICE custody rendered his petition moot.

Because Mr. Edwards's petition is moot, the Court must dismiss the petition unless an exception to the mootness doctrine applies.  There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review."  *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  Neither exception applies here.  The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Edwards challenges.  *See Carafas*, 391 U.S. at 237.  The exception for events "capable of repetition, yet evading review" does not apply here either. Mr. Edwards has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.  *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.).  Because there is no longer any relief that can be granted to Mr. Edwards, his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, (Doc. 34), is **GRANTED**.  A separate order will be entered.

**DONE** and **ORDERED** this January 29, 2016.

_/s/ Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE